[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Carl Hill appeals from the judgment adjudicating him to be a sexual predator pursuant to R.C. Chapter 2950. Hill's classification as a sexual predator stemmed from an earlier jury trial in which he had been convicted of raping a teacher at the School for the Creative and Performing Arts.
In a single assignment of error, Hill contends that the sexual-predator adjudication was contrary to the manifest weight of the evidence. Because there is clear and convincing evidence in the record to support the trial court's findings and judgment, we overrule the assignment of error.
At the classification hearing, held before the judge who presided over Hill's rape trial, entered judgment, and imposed sentence, the state offered into evidence the pre-sentence-investigation report of the rape offense, including the victim's statement, the record of Hill's previous convictions for armed robbery in 1973 and aggravated robbery in 1978, and his prison record, including a consensual-sexual-activity violation in 1994 and Hill's written refusal to participate in sexual-offender treatment. Hill produced no evidence. The trial court introduced a psychological assessment prepared in August 2001, at its request, by Dr. David Chiappone, a clinical psychologist.
As contemplated by the statutory scheme and by the Ohio Supreme Court's decision in State v. Eppinger, 91 Ohio St.3d 158, 166, 2001-Ohio-247,743 N.E.2d 881, when making a determination of the future behavior of a sexually-oriented offender in a classification hearing, a trial court must create a record for review, provide for expert opinion on the potential for recidivism, if required, and determine the offender's likelihood of recidivism after considering the statutory factors and "discuss[ing] on the record the particular evidence and factors upon which it relies." Id.; see, also, R.C. 2950.09(B)(2).
Here, Judge Richard Niehaus faithfully achieved the three essential objectives described in State v. Eppinger. The court found that a psychological expert was reasonably necessary to aid in determining the likelihood of future recidivism. See State v. Eppinger,91 Ohio St.3d at 163, 743 N.E.2d 881.
By reviewing the record and by receiving new documentary evidence, including the psychological assessment of Dr. Chiappone, the court made the kind of record that is contemplated for review in a sexual-offender-classification hearing. See id. at 166, 743 N.E.2d 881. According to the transcript of the classification hearing and the trial court's written findings and judgment entry, the court identified specific factors from R.C. 2950.09(B)(2) that were present in the record. It noted that the twenty-year-old Hill had been convicted of raping a school teacher at knife point while on parole, that Hill had been convicted of serious violent crimes in the past, that Dr. Chiappone had found that Hill was "not viable for treatment," that Hill had refused treatment for sexual behavior problems, and that he had refused to accept responsibility for the rape. See R.C. 2950.09(B)(2).
After reviewing the record, we are persuaded that the trial court had ample evidentiary material before it to produce a firm belief or conviction that Hill "was likely to engage in one or more sexually oriented offenses sometime in the future." R.C. 2950.01(E); see, also,State v. Eppinger, 91 Ohio St.3d at 162, 743 N.E.2d 881. Consequently, there was clear and convincing evidence to support the finding that Hill is a sexual predator. See R.C. 2950.09(B); see, also, In re Adoption ofHolcomb (1985), 18 Ohio St.3d 361, 368, 481 N.E.2d 613. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.